UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 19 2010 ☆

BROOKLYN OFFICE

|  |  |  |
|---|---|---|
| PROVIDENCE AIOSSA, | : |  |
|  | : | CA No.:  (To Be Assigned) |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | **NOTICE OF REMOVAL** |
|  | : |  |
| BANK OF AMERICA & CO., JOHN FRAZZA, | : |  |
| And SUE COLE, | : |  |
|  | : |  |
| Defendants. | : |  |

**10      1275**

**SEYBERT**   **BOYLE. M.J**

Pursuant to 28 U.S.C. §§1441(a), 1441(b) and 1446 and Local Civil Rule 81.1, and for the sole purpose of removing this matter to the United States District Court for the Eastern District of New York, Defendant Bank of America, N.A., incorrectly identified by Plaintiff Providence Aiossa ("Plaintiff") as "Bank of America & Co." ("Defendant"), states the Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.  In further support, Defendant states:

The Court has original jurisdiction over this matter based on the diversity of the parties under 28 U.S.C. § 1332, which provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> *   *   *
>
> (2) citizens of a State and citizens or subjects of a foreign state;

28 U.S. C. § 1332 (a)(2).

1.      State Court Action.

Plaintiff filed this action against Defendant and two individuals, John Frazza and Sue Cole, in the New York State Supreme Court, County of Nassau, Index No. 002762/2010, on or about February 9, 2010.  A copy of the Summons and Verified Complaint ("Complaint") that

were served on Defendant at 60 Hempstead Turnpike, West Hempstead, New York on or around February 17, 2010, are attached as Exhibit 1.

2.   Diversity of Citizenship.

Plaintiff alleges she resides in Nassau County, New York. Complaint, ¶ 4.

Defendant is a national banking association formed under the laws of the United States of America with its principal place of business in Charlotte, North Carolina.  See Declaration of Elizabeth Pryor, Exhibit 2, ¶ 4.

The individuals alleged by Plaintiff in the Complaint as defendants, John Frazza and Sue Cole, are not now citizens of New York, nor were they on February 9, 2010, when the Complaint was filed.  See Declaration of John Frazza, Exhibit 3, ¶¶3-6, and Declaration of Susan Cole, Exhibit 4, ¶¶ 3 and 4.

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship of the parties.

3.   Amount in Controversy

The Complaint contains seven causes of action alleging age discrimination, retaliation and aiding and abetting in violation of New York Executive Law § 296 and New York City Administrative Code § 8-502(a), et seq. and breach of contract. Under the first six counts of her Complaint, Plaintiff alleges she has suffered and/or continues to suffer "monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief." Exhibit 1, ¶¶ 29, 33, 37, 42, 47, and 52.  See also Complaint, Prayer for Relief, ¶ C.

In addition to economic damages, Plaintiff alleges and seeks compensatory damages for "severe mental anguish ad emotional distress, including but no limited to depression, humiliation,

embarrassment, stress and anxiety, loss of self-esteem and self confidence, and emotional pain an

suffering." Complaint, ¶¶ 30, 34, 38, 43, 48, and 53. See also Complaint, Prayer for Relief, ¶ D.

The Declaration In Support of Removal provides information concerning Plaintiff's

compensation in 2007 and 2008 from her employment with Defendant.     See Declaration In

Support of Removal, Exhibit 5 ¶¶ 1-3. Plaintiff alleges she was terminated in 2008. Complaint, ¶

20.  Further, Plaintiff alleges she is "being deprived of millions of dollars in both actual and

potential income for the year of 2008, as a result of BOA's decision to terminate Plaintiff

without honoring the conditions of her BOA Retail Sales Account Executive Compensation

Plan."  Complaint, ¶ 22.  Thus, based on alleged damages from the date of Plaintiff's 2008

termination to date, the amount in controversy exceeds $75,000.

Because complete diversity of citizenship exists between the parties and the amount in

controversy exceeds $75,000, jurisdiction is conferred on this Court by 28 U.S.C. § 1332.

4.     Diversity Jurisdiction.

This action is one under which the Court has original jurisdiction pursuant to 28 U.S.C.

§1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil

action in which the Plaintiff is a resident of the State of New York and the Defendant is not, and

in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs.

5.     Timeliness of Notice of Removal.

Defendant has filed this Notice of Removal within thirty days after Plaintiff served her

Complaint on Defendant.  Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b).

1163733-1

6.   <u>Relief Requested</u>.

Defendant requests that the United States District Court for the Eastern District of New York assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Dated: March 19, 2010

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

Jonathan B. Bruno
Deborah M. Zawadzki
Attorneys for Defendant
Bank of America, N.A.
120 Broadway, 14th Floor
New York, NY 10271
(212) 980-9600, Ext. 6522
(212) 980-9291 (fax)
jbruno@kbrlaw.com

1163733-1

Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X

PROVIDENCE AIOSSA,

                                          Plaintiff

                    -against-

BANK OF AMERICA & CO., JOHN FRAZZA
And SUE COLE,

                                          Defendant.
-----------------------------------------------------------------X
To the above named Defendant(s)

Index No. _002762/2010_

Plaintiff designates Nassau
County as the place of trial.

**DATE FILED** _2/9/10_
The basis of venue is
Plaintiffs' residence

**SUMMONS**

Plaintiffs reside in the County of
Nassau

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       January 22, 2010

                              Yours, etc.

                              Tracey L. Brown
                              THE COCHRAN FIRM
                              Attorneys for Plaintiffs
                              233 Broadway, 5th Floor
                              New York, New York 10279
                              (212) 553-9215

Defendants' Addresses:
60 Hempstead Turnpike
West Hempstead, NY 11552

2/17/10
3 35 pm
Sharmila Johnston
94003
516 - 559 - 8052
In person

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------X

PROVIDENCE AIOSSA

Index No. 002762/3/0

Plaintiff.

-against-

**VERIFIED COMPLAINT**

DATE FILED 2/9/2/0

BANK OF AMERICA & CO.,
JOHN FRAZZA and SUE COLE

Defendants.

-------------------------------------------------------------X

## COMPLAINT

Plaintiff PROVIDENCE AIOSSA (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, THE COCHRAN FIRM, as and for her Complaint in this action against Defendants BANK OF AMERICA., (hereinafter referred to as "BOA" or "the Bank"), JOHN FRAZZA and SUE COLE, (together, "Defendants"), hereby alleges as follows:

### NATURE OF THE CLAIMS

1.     This is a civil action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including their unlawful discrimination of Plaintiff in violation of the New York State Human Rights Law, New York State Executive Law §§ 290 et seq. and the New York City Human Rights Law, Administrative Code of the City of New York §§ 8-101 et seq.

2.     During Plaintiff's continued employment at BOA, Defendants repeatedly subjected Plaintiff to unlawful discrimination based on her age, as well as unlawful breach of contract and intentional infliction of emotional distress.

3. Defendants' conduct is knowing, malicious, willful and wanton and/or shows a reckless disregard for Plaintiff, and caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, permanent harm to her professional and personal reputation, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

4. Venue is proper in this County pursuant to CPLR §§ 503(a) and 504 because Plaintiff resides in the County of Nassau.

## PARTIES

5. Plaintiff Providence Aiossa is a 55-year old female who at all relevant times met the definition of an "employee" under all applicable statutes.

6. Defendant BOA is a domestic corporation duly existing under and by virtue of the laws of the State of New York and maintains a branch at 60 Hempstead Turnpike, West Hempstead, NY 11552. At all relevant times, BOA met the definition of an "employer" under all applicable statutes.

7. At all relevant times, Defendant John Frazza was a supervisor at BOA and he participated directly in the unlawful discrimination, and retaliation and otherwise unfair employment decisions and actions taken against Plaintiff.

8. At all relevant times, Defendant Sue Cole was a manager at BOA and she participated directly in the unlawful discrimination, and otherwise unfair employment decisions and actions taken against Plaintiff.

## PROCEDURAL REQUIREMENTS

9. This claim has been commenced and this action has been started within three (3) years of the happening of the event on which the claim is based.

10.    All conditions and requirements precedent to the commencement of this action have been complied with.

## FACTUAL ALLEGATIONS

11.    Plaintiff Providence Aiossa was hired as a mortgage loan officer by Fleet Legacy in 1992, which was subsequently acquired by BOA in 2004.

12.    Throughout her tenure, Mrs. Aiossa was a highly-regarded employee, achieving the position of Vice President and Senior Mortgage Loan Officer, and receiving excellent performance appraisals and constant praise from her supervisors, colleagues, and clients.

13.    In fact, Plaintiff always went above and beyond her job duties.  During her time employed at BOA, Plaintiff was featured in BOA's News Spotlight as the highlighted associate of the week, as well as having achieved Chairmans Club membership for three consecutive years (2005 through 2007).   Further, Plaintiff was named in the "Top 5" producers in the company, was top originator in April 2008, and was awarded membership in BOA's Platinum Club for her extraordinarily high mortgage volume.  In April 2008 alone, Plaintiff and her team brought in a volume of over $20 million to the Bank.  .

14.    Plaintiff has been described by various clients, colleagues, and supervisors as "a trusted advisor," as "up to date and knowledgeable about available technology and tools," and as producing "hard work and great results."  In a 2007 Performance Management Review, Plaintiff's direct supervisor described her as a loan officer that "demonstrates a strong desire to continually learn, grow, and develop," that "responds promptly and supportively to shifting organizational priorities," as possessing "dedication and passion for exceeding the expectations of internal/external customers and clients," and as earning "customer/client

-3-

loyalty through accuracy, efficiency, courtesy and show." In a thank-you note written personally to Mrs. Aiossa, a client thanked Mrs. Aiossa for her hard work, and stated, "[y]ou are always there to help... I appreciate your time and effort. I already emailed your bosses to let them know what a great job you did!"

15.     Unfortunately, the discriminatory and disparate treatment endured by Plaintiff occurred upon her assignment to sales manager, Defendant Sue Cole, in 2006. Defendant Cole treated Plaintiff with disdain and disrespect because of Plaintiff's experience and age. Defendant Cole consistently behaved in a manner that indicated to Plaintiff that Defendant Cole was "out to get her" and that BOA wanted her "out of the picture." Defendant Cole's aim, along with Defendant Frazza, was to replace the high earning Plaintiff with younger less earning employees to help increase the bank's and their own bottom lines.

16.     In addition, in an attempt to sabotage Plaintiff's chance of further success and increasing her compensation, Defendant Cole attempted to force Mrs. Aiossa out of the Bank. Under the farce of "fraudulent behavior," Defendant Sue Cole initiated an investigation into Mrs. Aiossa's accounts. Due to Plaintiff's status as a high-volume producer, a thorough investigation of Mrs. Aiossa meant the time-consuming scrutiny of hundreds of accounts. Not coincidentally, this investigation began the month after Ms. Aiossa was awarded the loan representative of the month bringing in over twenty million dollars worth of loans.

17.     This investigation was a pretext meant to cover up the fact that the Defendants wanted to remove her because of her age. In this pretext of "investigation," Ms. Aiossa was asked, "Are you married?", "How old are you?", "Were you born in Tunisia?", and other improper questions.

-4-

18.     After months of intense investigation into her accounts, Plaintiff was completely exonerated by BOA's compliance department. However, finding this outcome undesirable, in November 2007, Defendant Sue Cole further tried to force Mrs. Aiossa out of BOA by attempting to coerce Plaintiff's manager, Keith Cook, into issuing a falsified written warning to Mrs. Aiossa. Understanding that this type of warning was unnecessary, considering that corporate security at the Bank had found no wrongdoing on Mrs. Aiossa's part, Keith Cook approached the Advice and Counsel Department of BOA. Advice and Counsel confirmed Mr. Cook's notion that a written warning issued to Mrs. Aiossa was completely unwarranted.

19.     In February 2008, Defendant Sue Cole attempted to hinder Plaintiff's success by urging her to transfer from Keith Cook's team, to a team managed by one of Ms. Cole's favored BOA employees. Recognizing Mrs. Aiossa's success under Mr. Cook's supervision, Ms. Cole attempted to bribe Mrs. Aiossa with empty promises of greater compensation and better job opportunities were she to transfer out of Keith Cook's team. Although Defendant Cole gave Mrs. Aiossa no reason as to why the transfer would bolster her career, Ms. Cole had a clear motive, as she was very adamant about Plaintiff making this transfer. Despite this pressure, Plaintiff remained on Mr. Cook's team, where she had been extremely successful in the past. This resulted in her losing all of her Long Island Bank of America branches which took years to cultivate and incurring numerous personal out-of-pocket expenses in having to spend an enormous amount of time and energy developing new relationships with newly assigned Manhattan Bank of America branches.

20.     Later the same year, Defendant Sue Cole—in retaliation for Mrs. Aiossa's decision to remain on Mr. Cook's team and as part of Defendants' plan to get rid of Ms.

-5-

Aiossa because of her age—launched a second inquiry into Plaintiff's accounts. In this instance, Ms. Cole placed Mrs. Aiossa on administrative leave for the duration of the investigation. Corporate security, credit risk, and Keith Cook all participated in the investigation of Plaintiff's claims, and the underlying paperwork associated with every loan was audited and reviewed. At the culmination of the investigation, it was again concluded that Mrs. Aiossa's accounts were valid, and contained no suspicious security issues. Despite these vindicating findings, Defendants Sue Cole and regional manager John Frazza terminated Mrs. Aiossa, stating that the review of her files was the reason behind her termination.

21.    Since her termination, Mrs. Aiossa's accounts have been distributed to other younger loan officers, denying Plaintiff significant earned income and reducing the amount the bank has to pay in commissions. Because of Ms. Aiossa's experience and success at the bank, her commission rate was much higher than younger and less experienced loan officers. In fact, the majority of these accounts have been given to the teams of David Moss and Jackie Farriello, two managers clearly favored by Defendant Cole, and of a younger age than Mrs. Aiossa.

22.    The Bank continues to reap the benefits of many networking occasions and meetings that were originally developed by Mrs. Aiossa. Additionally, thousands of leads that Plaintiff had been establishing during the duration of her employment with BOA have since been handed over to other loan officers within the Bank. Ms. Aiossa is being deprived of millions of dollars in both actual and potential income for the year of 2008, as a result of BOA's decision to terminate Plaintiff without honoring the conditions of her BOA Retail Sales Account Executive Compensation Plan.

23. Even after her termination, the Bank has continued to retaliate against Plaintiff by slandering her professional reputation. BOA has committed a breach of contract by disparaging Ms. Aiossa, and soiling her name to attorneys, bankers, and clients, therefore inhibiting Plaintiff from achieving any future success in the banking world. Although two thorough investigations found Mrs. Aiossa innocent of any unethical behavior, BOA's retaliatory tirade has led to the concoction of false accusations which have undermined Mrs. Aiossa's professional and personal reputation.

24. Further, BOA has marked Mrs. Aiossa's personnel file with a "do not rehire" notation, preventing Plaintiff from gaining employment with BOA or any of its subsidiaries nationwide.

25. As a result of such vindictive retaliatory actions by the Bank, Plaintiff and her family have experienced severe medical problems. Since her public humiliation and defamation, Mrs. Aiossa has suffered from headaches, insomnia, stress, as well as other physical and emotional ailments. Due to her lack of medical insurance or severance compensation, Plaintiff is unable to receive adequate treatment for these medical problems.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Age Discrimination in Violation of New York State Human Rights Law)**

26. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 25, inclusive, as if fully set forth herein.

27. Defendants have discriminated against Plaintiff on the basis of her age, in violation of the New York State Human Rights Law, by denying to her equal terms and conditions of employment, including but not limited to, subjecting her to disparate working conditions, denying her the opportunity to work in an environment free of unlawful

-7-

discrimination and denying her opportunities for professional growth, and denying her other benefits equal to that of other employees.

28.    Defendants have discriminated against Plaintiff on the basis of her age, in violation of the New York State Human Rights Law by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy discrimination of Plaintiff by her supervisors.

29.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

30.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Retaliation in Violation of New York State Human Rights Law)**

31.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 30, inclusive, as if fully set forth herein.

32.    Defendants have retaliated against Plaintiff by, inter alia, harassing her, terminating her after they complained about discriminatory treatment, threatening her, humiliating her, and undermining her ability to effectively perform her job in violation of the

New York State Human Rights Law for his opposition to Defendants' discriminatory practices towards herself and other employees and/or her participation in criticizing and lodging complaints about Defendants' discriminatory practices towards herself and other workers.

33. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

34. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Aiding and Abetting Violations of New York State Human Rights Law)

35. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 34, inclusive, as if fully set forth herein.

36. Defendants JOHN FRAZZA and SUE COLE knowingly or recklessly aided and abetted the unlawful employment practices, discrimination and retaliation against Plaintiff in violation of the New York State Human Rights Law by actively participating in the unlawful conduct set forth above.

37.     As a direct and proximate result of Defendants JOHN FRAZZA and SUE COLE's unlawful discrimination and retaliation against Plaintiff in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

38.     As a direct and proximate result of Defendants JOHN FRAZZA and SUE COLE's unlawful discrimination and retaliation against Plaintiff in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

### AS AND FOR A FOURTH CAUSE OF ACTION
#### (Age Discrimination in Violation of New York City Human Rights Law)

39.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 38, inclusive, as if fully set forth herein.

40.     Defendants have discriminated against Plaintiff on the basis of her age, in violation of the New York City Human Rights Law by denying to her equal terms and conditions of employment, including but not limited to, subjecting her to disparate working conditions, denying her the opportunity to work in an environment free of unlawful discrimination, and denying her other benefits equal to that of other employees.

41.     Defendants have discriminated against Plaintiff on the basis of her age, in violation of the New York City Human Rights Law by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy discrimination of Plaintiff by her colleagues and supervisors.

-10-

42. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which she is entitled to an award of damages.

43. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

44. Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Retaliation in Violation of New York City Human Rights Law)

45. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 46, inclusive, as if fully set forth herein.

46. Defendants have retaliated against Plaintiff by, inter alia, harassing her, humiliating her, and undermining her ability to effectively perform her job, in violation of the New York City Human Rights Law for his opposition to Defendants' discriminatory practices towards herself and other employees and/or his participation in criticizing and lodging complaints about Defendants' discriminatory practices towards herself.

-11-

47.     As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of damages.

48.     As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

49.     Defendants' unlawful and retaliatory actions constitute malicious, willful and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
**(Aiding and Abetting Violations of New York City Human Rights Law)**

50.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 49, inclusive, as if fully set forth herein.

51.     Defendants JOHN FRAZZA and SUE COLE knowingly or recklessly aided and abetted the unlawful employment practices, discrimination and retaliation against Plaintiff in violation of the New York City Human Rights Law.

52.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which she is entitled to an award of damages.

53.     As a direct and proximate result, Plaintiff has suffered, and continue to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

54.     Defendants JOHN FRAZZA and SUE COLE's unlawful actions constitute malicious, willful and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**(Breach of Contract)**

55.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 54, inclusive, as if fully set forth herein.

56.     For all times mentioned herein, BOA had in place a plan for the compensation of loan officers.

57.     This plan described the compensation for which loan officers such as Plaintiff would receive based on their performance.

58.     In part, the compensation a loan officer would receive was based on the amount of loans that the loan officer was able to close.

59.     At the time that Plaintiff was terminated, she had successfully completed more than twenty million dollars of loans for which she was entitled to compensation which she did not receive.

-13-

60. Moreover, Plaintiff, at the time of these adverse employment actions took place, had hundreds of other potential loan deals in progress that would have otherwise resulted in compensation to Ms. Aiossa that went to other BOA loan officers and the Defendants instead.

61. As a result, BOA willfully and wantonly breached its contractual obligations to Ms. Aiossa.

62. BOA wrongfully terminated Plaintiff's employment.

63. As a result, BOA breached its agreement with Plaintiff not to improperly terminate her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the State of New York, and the City of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

-14-

D. An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest;

F. An award of punitive damages, in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter;

G. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 22, 2010

Respectfully submitted,

THE COCHRAN FIRM

TRACEY L. BROWN
233 Broadway, 5th Floor
New York, New York 10279
(Tel No.) (212) 553-9165
(Facsimile) (212) 227-8763
COUNSEL FOR PLAINTIFF

-15-

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                   ).SS:
COUNTY OF NEW YORK )

The undersigned, an attorney, duly admitted to practice law in the Courts of the State of New York, and hereby deposes and states that:

I am the managing partner of the law firm of THE COCHRAN FIRM, attorneys for the plaintiff in the above action. I have read the annexed COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

The reason I make this verification instead of plaintiff, is that the plaintiff resides out of the County of New York, wherein I maintain my offices.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       January 22, 2010

TRACEY L. BROWN

-16-

Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

PROVIDENCE AIOSSA,                          :
                                            :
        Plaintiff,                          :   CA No.: (TO BE ASSIGNED)
                                            :
    vs.                                     :
                                            :
BANK OF AMERICA & CO., JOHN FRAZZA, :
SUE COLE,                                   :
                                            :
        Defendants.                         :

## DECLARATION OF ELIZABETH PRYOR

1.      My name is Elizabeth Pryor.  I am over the age of eighteen and am otherwise competent to testify to the facts set forth in this Declaration.  All statements contained in this Declaration are true and correct and are based upon my personal knowledge.

2.      I am a Vice President and Assistant Corporate Secretary for Bank of America Corporation ("Bank of America").  Consequently, I have knowledge of and am familiar with the corporate structure of Bank of America a Delaware Corporation with its principal place of business in Charlotte, North Carolina, and its subsidiaries and affiliates.

3.      Bank of America, N.A. (named in the Complaint as "Bank of America & Co.") is a wholly-owned subsidiary of BANA Holding Corporation, which is a wholly-owned subsidiary of BAC North America Holding Company, which is wholly-owned subsidiary of NB Holdings Corporation, which is wholly-owned subsidiary of Bank of America Corporation.

4.      Bank of America, N.A. is a national banking association formed under the laws of the United States of America with its principal place of business in Charlotte, North Carolina.

BOS 750376 1

5.      I declare under penalty of perjury that the foregoing is true and correct.


Executed on March 18, 2010.


_____
Elizabeth Pryor
Assistant Secretary
Bank of America Corporation

Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

PROVIDENCE AIOSSA,                                :
                                                  :
        Plaintiff,                                :  CA No.:  (TO BE ASSIGNED)
                                                  :
        vs.                                       :
                                                  :
BANK OF AMERICA & CO., JOHN FRAZZA, :
SUE COLE,                                         :
                                                  :
        Defendants.                               :

## DECLARATION OF JOHN FRAZZA

1.      My name is John Frazza.  I am over the age of eighteen and am otherwise competent to testify to the facts set forth in this Declaration.  All statements contained in this Declaration are true and correct and are based upon my personal knowledge.

2.      I am employed by Bank of America, N.A. and am familiar with the plaintiff in this action, Providence Aiossa, through that employment.

3.      I am not now a resident or citizen of the state of New York, nor was I a resident or citizen of New York at any time in February 2010.

4.      At all times in 2006, 2007, and 2008 I resided in the Commonwealth of Massachusetts.

5.      For part of 2009, I maintained a temporary residence in California and a residence in Massachusetts.  I now reside and  I intend to continue to reside in California as my home and residence.

6.      I did not reside in New York at any time from 2006 to the present.

BOS 750367.1

I declare under penalty of perjury under the laws of the United States of America

that the foregoing statements are true and correct.

Dated: At _Carlsbad_ , California
March 18 2010

John Frazza

Exhibit 4

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

PROVIDENCE AIOSSA, :
:
    Plaintiff, : CA No.: (TO BE ASSIGNED)
:
    vs. :
:
BANK OF AMERICA & CO., JOHN FRAZZA, :
SUE COLE, :
:
    Defendants. :

## DECLARATION OF SUSAN COLE

1.     My name is Susan Cole. I am over the age of eighteen and am otherwise competent to testify to the facts set forth in this Declaration. All statements contained in this Declaration are true and correct and are based upon my personal knowledge.

2.     I was formerly employed by Bank of America, N.A. and am familiar with the plaintiff in this action, Providence Aiossa, through that employment.

3.     I am not now a resident or citizen of the state of New York, nor was I a resident or citizen of New York at any time in February 2009.

4.     At all times in 2006, 2007, 2008, 2009 and 2010, including as of February 10, 2010, I have resided in the state of New Jersey. I intend to continue to reside in New Jersey as my home and residence.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Dated: At _____, New Jersey
    March 18, 2010

_____
Susan Cole

BOS 750368.1

Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

PROVIDENCE AIOSSA,                          :
                                            :
        Plaintiff,                          :   CA No.:  (To Be Assigned)
                                            :
    vs.                                     :
                                            :   **DECLARATION IN SUPPORT OF**
BANK OF AMERICA & CO., JOHN FRAZZA, :   **REMOVAL**
And SUE COLE,                               :
                                            :
        Defendants.                         :

ROBERT M. DROZYNSKI declares:

1.      I am currently employed by Bank of America, N.A. ("Defendant") as Senior Vice

President, Product Manager II.  I make this declaration in support of the Defendant's removal of

this action.

2.      I have reviewed records created and maintained in the ordinary course of

Defendant's business to which I have access as a result of my employment, including payroll

records.

3.      Attached hereto is a true and accurate copy of an excerpt from payroll records of

Providence Aiossa, the named plaintiff in the above-captioned matter.  As stated therein,

Plaintiff's annual compensation in relation to employment Defendant for the period beginning

ended December 31, 2007 was $287,887.50 and for the period ended December 31, 2008 was

$246,389.81.

    I declare under penalty of perjury under the laws of the United States of America that the

foregoing statements are true and correct.

Dated: At Utica, New York
       March 19, 2010
                                            _____
                                            ROBERT M. DROZYNSKI

BOS 750363.1

**COPY B**
To Be Filed With Employee's FEDERAL Tax Return.

| Employer's name, address and ZIP code | | |
| --- | --- | --- |
| Bank of America National Association | | |
| 101 South Tryon Street | | |
| Charlotte, NC 28255 | | |

1 Wages, tips, other compensation 287887.50
2 Federal income tax withheld 77077.18
3 Social security wages 97500.00
4 Social security tax withheld 6045.00
5 Medicare wages and tips 364732.42
6 Medicare tax withheld 5288.62

d Control number 0106542

Employee's name, address and ZIP code
Providence Alossa

12b C 502.32  12c 401Restor 67823.15
11 Nonqualified plans
12b D 2767.84

16 State NY  17 State wages, tips, etc. 287887.50  17 State income tax 19970.56

*Reissued Statement*

Form W-2 Wage and Tax Statement 2007     Department of the Treasury—Internal Revenue Service     Safe, accurate, FAST! Use

---

**COPY 2**
To Be Filed With Employee's State, City or Local Income Tax Return.

| Employer's name, address and ZIP code | | |
| --- | --- | --- |
| Bank of America National Association | | |
| 101 South Tryon Street | | |
| Charlotte, NC 28255 | | |

1 Wages, tips, other compensation 287887.50
2 Federal income tax withheld 77077.18
3 Social security wages 97500.00
4 Social security tax withheld 6045.00
5 Medicare wages and tips 364732.42
6 Medicare tax withheld 5288.62

d Control number 0106542

Employee's name, address and ZIP code
Providence Alossa

12b C 502.32  12c 401Restor 67823.15
11 Nonqualified plans
12b D 2767.84

16 State NY  17 State wages, tips, etc. 287887.50  17 State income tax 19970.56

*Reissued Statement*

Form W-2 Wage and Tax Statement 2007     Department of the Treasury—Internal Revenue Service     Safe, accurate, FAST! Use

---

**COPY 2**
To Be Filed With Employee's State, City or Local Income Tax Return.

| Employer's name, address and ZIP code | | |
| --- | --- | --- |
| Bank of America National Association | | |
| 101 South Tryon Street | | |
| Charlotte, NC 28255 | | |

1 Wages, tips, other compensation 287887.50
2 Federal income tax withheld 77077.18
3 Social security wages 97500.00
4 Social security tax withheld 6045.00
5 Medicare wages and tips 364732.42
6 Medicare tax withheld 5288.62

d Control number 0106542

Employee's name, address and ZIP code
Providence Alossa

12b C 502.32  12c 401Restor 67823.15
11 Nonqualified plans
12b D 2767.84

16 State NY  17 State wages, tips, etc. 287887.50  17 State income tax 19970.56

*Reissued Statement*

Form W-2 Wage and Tax Statement 2007     Department of the Treasury—Internal Revenue Service     Safe, accurate, FAST! Use

---

Questions? Frequently asked questions are available on the Pay tab of NetBenefits. To speak with a representative, please call the Bank of America Personnel Center at 1.800.556.6044.

---

**COPY C**
FOR EMPLOYEE'S RECORDS

1 Wages, tips, other compensation 287887.50
2 Federal income tax withheld 77077.18

| Employer's name, address and ZIP code | | |
| --- | --- | --- |
| Bank of America National Association | | |
| 101 South Tryon Street | | |
| Charlotte, NC 28255 | | |

3 Social security wages 97500.00
4 Social security tax withheld 6045.00

d Control number 0106542
5 Medicare wages and tips 364732.42
6 Medicare tax withheld 5288.62

Employee's name, address and ZIP code
Providence Alossa

12b C 502.32  12c 401Restor 67823.15
11 Nonqualified plans
D 2767.84

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

(SEE NOTICE ON BACK)

Visit the IRS Web Site at www.irs.gov

16 State NY  17 State wages, tips, etc. 287887.50  17 State income tax 19970.56

*Reissued Statement*

**COPY B**
To Be Filed with Employee's FEDERAL Tax Return.
*Visit the IRS at www.irs.gov/efile.*

| | |
|---|---|
| 1 Wages, tips, other compensation | 246389.81 |
| 2 Federal income tax withheld | 23674.73 |
| 3 Social security wages | 102000.00 |
| 4 Social security tax withheld | 6324.00 |
| 5 Medicare wages and tips | 308595.48 |
| 6 Medicare tax withheld | 4474.63 |

b Employer identification number (EIN) — OMB No.

c Employer's name, address, and ZIP code
Bank of America National Association
101 South Tryon Street
Charlotte, NC 28255

d Control number 0006116

e Employee's name, address and ZIP code
Providence Alossa

*Reissued Statement*

C 231.84
D 6726.85

12a 45628.77 401Kmstcr

15 State NY Employer's state ID number
16 State wages, tips, etc. 246389.81
17 State income tax 17118.20

Form W-2 Wage and Tax Statement 2008    Department of the Treasury—Internal Revenue Service    Safe, accurate, FAST! Use e-file

---

**COPY 2**
To Be Filed with Employee's State, City or Local Income Tax Return.

| | |
|---|---|
| 1 Wages, tips, other compensation | 246389.81 |
| 2 Federal income tax withheld | 23674.73 |
| 3 Social security wages | 102000.00 |
| 4 Social security tax withheld | 6324.00 |
| 5 Medicare wages and tips | 308595.48 |
| 6 Medicare tax withheld | 4474.63 |

b Employer's name, address and ZIP code
Bank of America National Association
101 South Tryon Street
Charlotte, NC 28255

d Control number 0006116

Employee's name, address and ZIP code
Providence Alossa

*Reissued Statement*

C 231.84
D 6726.85

12a 45628.77 401Kmstcr

NY Employer's state ID number
State wages, tips, etc. 246389.81
State income tax 17118.20

Form W-2 Wage and Tax Statement 2008    Department of the Treasury—Internal Revenue Service    Safe, accurate, FAST! Use e-file

---

**COPY 2**
To Be Filed with Employee's State, City or Local Income Tax Return.

| | |
|---|---|
| 1 Wages, tips, other compensation | 246389.81 |
| 2 Federal income tax withheld | 23674.73 |
| 3 Social security wages | 102000.00 |
| 4 Social security tax withheld | 6324.00 |
| 5 Medicare wages and tips | 308595.48 |
| 6 Medicare tax withheld | 4474.63 |

b Employer's name, address and ZIP code
Bank of America National Association
101 South Tryon Street
Charlotte, NC 28255

d Control number 0006116

Employee's name, address and ZIP code
Providence Alossa

*Reissued Statement*

C 231.84
D 6726.85

12a 45628.77 401Kmstcr

NY Employer's state ID number
State wages, tips, etc. 246389.81
State income tax 17118.20

Form W-2 Wage and Tax Statement 2008    Department of the Treasury—Internal Revenue Service    Safe, accurate, FAST! Use e-file

Questions? Frequently asked questions are available on the Pay tab of NetBenefits®. To speak with a representative, please call the Personnel Center at 1.800.556.6044.

---

**COPY C**
For EMPLOYEE'S RECORDS

| | |
|---|---|
| 1 Wages, tips, other compensation | 246389.81 |
| 2 Federal income tax withheld | 23674.73 |
| 3 Social security wages | 102000.00 |
| 4 Social security tax withheld | 6324.00 |
| 5 Medicare wages and tips | 308595.48 |
| 6 Medicare tax withheld | 4474.63 |

a Employee's social security number    b Employer identification number (EIN)    OMB No.

c Employer's name, address, and ZIP code
Bank of America National Association
101 South Tryon Street
Charlotte, NC 28255

d Control number 0006116

e Employee's name, address and ZIP code
Providence Alossa

*Reissued Statement*

C 231.84
D 6726.85

12a 45628.77 401Kmstcr

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

(SEE NOTICE ON BACK)

Visit the IRS Web Site at www.irs.gov

NY Employer's state ID number
State wages, tips, etc. 246389.81
State income tax 17118.20

Form W-2 Wage and Tax Statement 2008    Department of the Treasury—Internal Revenue Service    Safe, accurate, FAST! Use e-file

## CERTIFICATE OF SERVICE

This is to certify that true and correct copies of the foregoing: *NOTICE OF REMOVAL WITH ATTACHED EXHIBITS 1-5 AND CIVIL COVER SHEET* was served via first class mail on the 19th day of March, 2010 upon:

The Cochran Firm
Attorneys for Plaintiff
233 Broadway, 5th Floor
New York, New York 10279

Attn: Tracey L. Brown, Esq.

_____
Deborah M. Zawadzki

1163733-1