UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
PROVIDENCE AIOSSA,                           :
                                             :
    Plaintiff,                              : CA No.: 10-CV-01275
                                             :
    vs.                                    : **DEFENDANT BANK OF AMERICA,**
                                             : **N.A.'S ANSWER TO THE COMPLAINT**
BANK OF AMERICA & CO., JOHN FRAZZA, : **AND AFFIRMATIVE DEFENSES**
SUE COLE,                                    :
                                             :
    Defendants.                             :
------------------------------------------------------------ x

    Now comes Bank of America, N.A., incorrectly identified by Plaintiff as "Bank of America & Co.", ("Defendant" or "Bank of America, N.A."), by its attorneys, on knowledge as to its own actions, and otherwise upon information and belief, responds to the complaint ("Complaint") by Providence Aiossa ("Plaintiff" or "Aiossa"), as follows:

## NATURE OF THE CLAIMS

    1.    Defendant states that Paragraph 1 of the Complaint is a statement of the claims to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 1 of the Complaint. Defendant expressly denies that Plaintiff is entitled to declaratory, injunctive or other equitable relief, denies Plaintiff is entitled to monetary damages under any cause of action in the Complaint, and denies unlawful discrimination of Plaintiff or any violation of the New York State Human Rights Law, New York State Executive Law §§ 290 et seq. and the New York City Human Rights Law, Administrative Code of the City of New York, §§ 8-101 et seq.

    2.    Defendant denies the allegations of Paragraph 2 of the Complaint.

    3.    Defendant denies the allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint states a conclusion of law to which no response is required. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff's county of residence and therefore calls upon her to prove same. Except as expressly admitted, Defendant denies the allegations of Paragraph 4 of the Complaint.

## PARTIES

5. Based upon information provided by Plaintiff, Defendant admits Plaintiff is 55 years old. Defendant admits Plaintiff is female. To the extent the allegations of Paragraph 5 of the Complaint constitute conclusions or allegations of law, no response is required. Except as expressly admitted, Defendant denies the allegations of Paragraph 5 of the Complaint.

6. Defendant admits that it is an "employer" as defined by the New York State Human Rights Act and the New York City Human Rights Ordinance. Except as expressly admitted, Defendant denies the allegations of Paragraph 6 of the Complaint.

7. Defendant admits that John Frazza ("Frazza") is an employee of Defendant and supervises other employees of Defendant. Except as expressly admitted, Defendant denies the allegations of Paragraph 7 of the Complaint.

8. Defendant admits that Susan Cole ("Cole") was an employed by Defendant as a manager during a period of time. Except as expressly admitted, Defendant denies the allegations of Paragraph 8 of the Complaint.

## PROCEDURAL REQUIREMENTS

9. Defendant lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 9 of the Complaint, and therefore, denies them.

10. Paragraph 10 of the Complaint states conclusions and allegations of law to which

no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

11.     Defendant admits Fleet National Bank, and/or its predecessor, successor, subsidiary or affiliate, employed Plaintiff beginning on or around January 6, 1992. Defendant admits Bank of America Corporation merged with FleetBoston Financial Corporation effective on or around April 1, 2004. Except as expressly admitted, Defendant denies the allegations of Paragraph 11 of the Complaint.

12.     Defendant admits Plaintiff became a Vice President effective on or around April 16, 2006. Defendant admits Plaintiff became a Senior Mortgage Loan Officer effective on or around January 1, 2008. Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 12 of the Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 12 of the Complaint.

13.     Defendant admits Plaintiff achieved Chairman's Club membership for 2005, 2006 and 2007. Defendant lacks knowledge or information to either admit or deny whether Plaintiff was named in the "Top 5" producers in the company and/or was top originator in April 2008 as alleged in Paragraph 13 of the Complaint and calls upon Plaintiff to prove same. Defendant admits Plaintiff was in Defendant's Platinum Club for 2005, 2006 and 2007. Defendant admits in April 2008 Plaintiff and her team had loans funded volume of over $20 million. Except as expressly admitted, Defendant denies the allegations of Paragraph 13 of the Complaint.

14.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 14 of the Complaint and calls upon Plaintiff to prove them. Except as expressly admitted, Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the first sentence of Paragraph 17 of the Complaint. Defendant lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 17 of the Complaint and therefore denies them.

18. Defendant admits Keith Cook contacted Advice & Counsel in or around November 2007 in relation to possible disciplinary action for Plaintiff. Except as expressly admitted, Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 21 of the Complaint and calls upon Plaintiff to prove same. Except as expressly admitted, Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of the first two sentences of Paragraph 22 of the Complaint and calls upon Plaintiff to prove same. Except as expressly admitted, Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant admits Plaintiff is coded as "ineligible for rehire." Except as expressly admitted, Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
(Age Discrimination In Violation of New York State Human Rights Law)

26. Defendant repeats and incorporates herein by reference each and every response

in Paragraphs 1 through 25, as if fully set forth herein.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Retaliation In Violation of New York State Human Rights Law)**

31. Defendant repeats and incorporates herein by reference each and every response in Paragraphs 1 through 30, as if fully set forth herein.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Aiding and Abetting Violations of New York State Human Rights Law)**

35. Defendant repeats and incorporates herein by reference each and every response in Paragraphs 1 through 34, as if fully set forth herein.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Age Discrimination in Violation of New York City Human Rights Law)**

39. Defendant repeats and incorporates herein by reference each and every response in Paragraphs 1 through 38, as if fully set forth herein.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Retaliation in Violation of New York City Human Rights Law)

45. Defendant repeats and incorporates herein by reference each and every response in Paragraphs 1 through 44, as if fully set forth herein.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Aiding and Abetting Violations of New York City Human Rights Law)

50. Defendant repeats and incorporates herein by reference each and every response in Paragraphs 1 through 49, as if fully set forth herein.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Breach of Contract)

55. Defendant repeats and incorporates herein by reference each and every response in Paragraphs 1 through 54, as if fully set forth herein.

56. Defendant admits that as a result of her employment with Defendant, Plaintiff was eligible for and participated in written compensation plans. Except as expressly admitted,

Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant admits the written compensation plans referenced in Defendant's response to Paragraph 56 are written documents that speak for themselves.

58. Defendant admits that loans closed were one component of compensation for Plaintiff under the written compensation plans referenced in Defendant's response to Paragraph 56.

59. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 59 and calls upon Plaintiff to prove same. Except as expressly admitted, Defendant denies the allegations of Paragraph 59 of the Complaint.

60. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 60 and calls upon Plaintiff to prove same. Except as expressly admitted, Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### **AS AND FOR A FIRST DEFENSE**

64. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### **AS AND FOR A SECOND DEFENSE**

65. Plaintiff's claims, in whole or in part or portions thereof, are barred by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

66. Plaintiff's claims are barred, in whole or in part, because Plaintiff was an employee-at-will.

## AS AND FOR A FOURTH DEFENSE

67. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Defendant knew or should have known of any alleged discriminatory or retaliatory treatment of the Plaintiff or that Defendant acquiesced in any alleged such treatment.

## AS AND FOR A FIFTH DEFENSE

68. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior at Plaintiff's workplace by having an anti-discrimination policy with a complaint procedure.

## AS AND FOR A SIXTH DEFENSE

69. Plaintiff's claims are barred, in whole or in part, because Defendant has policies prohibiting discrimination and retaliation and procedures for investigating and preventing discrimination and retaliation and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination and retaliation.

## AS AND FOR A SEVENTH DEFENSE

70. Plaintiff's claims are barred, in whole or in part, to the extent that, and because, Defendant did not authorize, participate in, consent to, or otherwise ratify the conduct about which Plaintiff complains.

## AS AND FOR AN EIGHTH DEFENSE

71. Plaintiff's claims are barred, in whole or in part, to the extent he failed to comply with and satisfy all of the procedural prerequisites for bringing and maintaining an action under the New York Human Rights Law and the Administrative Code of the City of New York.

## AS AND FOR A NINTH DEFENSE

72. Plaintiff's claims are barred, in whole or in part, because she failed to adequately mitigate her alleged damages.

## AS AND FOR A TENTH DEFENSE

73. To the extent that Plaintiff seeks to assert claims for negligence and/or emotional distress, such claims are barred, in whole or in part, by the exclusive remedies provision of the New York Workers' Compensation Law.

## AS AND FOR AN ELEVENTH DEFENSE

74. To the extent Plaintiff seeks punitive damages, such damages are not recoverable or authorized under some or all of his claims.

## AS AND FOR A TWELFTH DEFENSE

75. To the extent after-acquired evidence of Plaintiff's acts and/or omissions becomes known, it bars Plaintiff from any remedy, or certain remedies, and/or warrants a reduction in any damages to which Plaintiff claims he is entitled.

## AS AND FOR A THIRTEENTH DEFENSE

76. Defendant terminated Plaintiff's employment for legitimate, non-discriminatory reasons.

## AS AND FOR A FOURTEENTH DEFENSE

77. Plaintiff's Complaint fails to allege any facts to demonstrate that Defendant's reason for terminating Plaintiff's employment was pretext for the alleged discrimination and/or retaliation.

## AS AND FOR A FIFTEENTH DEFENSE

78. Plaintiff's Complaint should be dismissed due to misnomer of Defendant.

## AS AND FOR A SIXTEENTH DEFENSE

79. Plaintiff's claims are barred and/or diminished by estoppel, laches, unclean hands, and/or the statute of frauds.

## AS AND FOR A SEVENTEENTH DEFENSE

80. Defendant reserves all rights to assert additional defenses, whether affirmative or otherwise, which may become available during the course of this litigation through discovery or any other means.

Defendant objects to trial by jury except as to those claims so triable and for which Plaintiff has made a timely demand for jury trial.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just.

Dated: New York, New York
      March 24, 2010

                      Respectfully submitted,

                      KAUFMAN BORGEEST & RYAN LLP

                      By: _____
                      Jonathan B. Bruno
                      Deborah M. Zawadzki
                      Attorneys for Defendant
                      BANK OF AMERICA, N.A., i/s/h/a/
                      BANK OF AMERICA & CO.
                      120 Broadway, 14th Floor
                      New York, New York 10271
                      (212) 980-9600
                      (212) 980-9291 (fax)
                      KBR File No.: 860.212

To:  Tracey Brown, Esq.
     The Cochran Firm
     233 Broadway, 5th Floor
     New York, New York 10279
     (212) 553-9165

1166501-1                                11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing DEFENDANT, BANK OF AMERICA, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES has been served by first-class mail, postage prepaid, on March 24, 2010 upon the attorney for the Plaintiff at the address listed below:

Tracey Brown, Esq.  
The Cochran Firm  
233 Broadway, 5th Floor  
New York, New York 10279

_____  
Deborah M. Zawadzki

Index No: 2762/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------x
PROVIDENCE AIOSSA,

                Plaintiff,

  -against-

BANK OF AMERICA & CO., JOHN FRAZZA, And
SUE COLE,

                Defendants.
---------------------------------------------------------------x

**DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO
THE COMPLAINT AND AFFIRMATIVE DEFENSES**

KAUFMAN BORGEEST & RYAN LLP
ATTORNEYS AT LAW
120 Broadway ~ 14th Floor
New York, New York 10271
(212) 980 ~ 9600

ATTORNEYS FOR DEFENDANT

BANK OF AMERICA, N.A.