

EDWARDS WILDMAN PALMER LLP
111 HUNTINGTON AVENUE
BOSTON, MA 02199
+1 617 239 0100 main  +1 617 227 4420 fax
edwardswildman.com

Caroline F. Turcotte

+1 617 239 0395
*fax* +1 888 325 9073
cfturcotte@edwardswildman.com

October 27, 2011

**VIA ELECTRONIC CASE FILING**
Honorable Joanna Seybert
United States District Court for the Eastern District of New York
100 Federal Plaza, P.O. Box 9014
Central Islip, New York 11722

> **Re:** *Providence Aiossa v. Bank of America, N.A., John Frazza and Sue Cole,*
> **C.A. No. 2:10-cv-01275-JS –ETB**

Dear Judge Seybert:

Pursuant to this Court's Individual Motion Practices and Local Rule 56.1, I write on behalf of the defendants in the above-referenced action, Bank of America, N.A. (the "Bank"), John Frazza ("Frazza") and Sue Cole ("Cole") (collectively "Defendants"), to request a pre-motion conference in connection with Defendants' anticipated Motion for Summary Judgment as to all counts of the Complaint filed by the plaintiff, Providence Aiossa ("Aiossa" or "Plaintiff").[1]

**I. Factual Summary:** Effective August 29, 2008, the Bank terminated Plaintiff's employment as a Senior Mortgage Loan Officer ("Sr. MLO"), and a sales team leader, for loss of trust and confidence following a review of Aiossa's loan pipeline by the Bank's Corporate Security department and Fraud Operations department. The pipeline review revealed that loan applications had indicators of misrepresentation, including issues of borrower identity, employment, income, assets, liabilities, and occupancy, as well as possible prohibited brokered and out-of-state loans. These issues arose in multiple applications taken by Aiossa and/or her sons, Joseph and Vincent, who worked on her sales team. With the filing of her Complaint on February 9, 2010, Plaintiff raised claims for age discrimination and retaliation under the New York State Human Rights Law ("HRL") and the New York City Human Rights Law ("CHRL") and breach of contract in relation to alleged unpaid compensation. Importantly, as to her discrimination and retaliation claims, Aiossa claims that Frazza and Cole, and no others, engaged in unlawful acts. Defendants' removed this case to federal court pursuant to 28 U.S.C. § 1332.

Prior to her termination, Aiossa worked as a Sr. MLO in the Bank's mortgage branch in West Hempstead, Nassau County, New York. Beginning in 2005, Aiossa created and led a "team" of mortgage loan officers ("MLOs") and assistants ("MLAs") that eventually included her sons,

---

[1] Defendants' Local Rule 56.1 Statement of Material Facts In Support of Defendants' Anticipated Motion for Summary Judgment ("Rule 56.1 Statement") served September 16, 2011, and Plaintiff's Answer to Defendants' Rule 56.1 Statement of Material Facts ("Rule 56.1 Counter-Statement") served October 24, 2011, are enclosed. The Rule 56.1 Counter-Statement does not in comply with the requirements of this Court's Individual Motion Practices and Local Rule 56.1 because it does not include correspondingly numbered paragraph responding to *each* numbered paragraph in the Rule 56.1 Statement. As to at least *58 paragraphs* of the Rule 56.1 Statement, Plaintiff fails to respond to the facts alleged, and instead argues and asserts unsupported and conclusory allegations. Compare Rule 56.1 Statement at ¶¶ 70-98, 99-107 and 110-132, to Rule 56.1 Counter-Statement.

Hon. Joanna Seybert
October 27, 2011
Page 2 of 4

Vincent and Joseph. Under the team structure Aiossa and her teammates entered all of the loan applications under Aiossa's MLO production number. By pooling their loans under a single MLO production number, the team members qualified for higher rates of commission and Aiossa qualified for incentive payments based on the total sales production under her MLO number. In 2006, Aiossa's Sales Manager, Keith Cook ("Cook"), offered her a producing sales manager position, reporting to him. Ultimately, the Bank restructured the Long Island area and opened a separate sales branch for the Long Island market, with a separate Retail Sales Manager. Aiossa did not apply for this position, which reported to Cole. Aiossa claims that Frazza's decision not to make her a producing sales manager reporting to Cook was age discrimination against her.

As a Sr. MLO, Aiossa was required to originate complete, accurate and quality loan applications, and comply with Bank policy and federal laws related to mortgage loans. As a mentor to less experienced MLOs and MLAs, Aiossa had responsibility to support and train her mentees to meet the Bank's standards for taking quality loan applications. However, as early as 2006, Aiossa was on an internal watch list in the Bank's Fraud Operations unit due to concerns of suspected misrepresentations in loan applications. In 2007, the Bank's home equity Fulfillment, Underwriting and Fraud Operations groups detected issues of concern or "red flags" for potential misrepresentation and fraud in loan applications taken under Aiossa's MLO number. As a result, the Bank's Corporate Security department conducted an investigation of certain home equity loans in July 2007. Due to the limited scope of that investigation and additional concerns raised by these groups, Corporate Security conducted a second investigation in August involving other loans. The Bank did not take disciplinary action in relation to the 2007 investigations.

In May 2008, the Suffolk County District Attorney's office contacted the Bank about possible identity theft involving a mortgage loan originated under Plaintiff's MLO number. As a result, the Bank's Corporate Security department began a review of a pipeline of loans originating out of the West Hempstead office. Aiossa was placed on paid administrative leave. Working in conjunction with Corporate Security, the Fraud Operations department reviewed loan files within the pipeline for "red flags" indicating possible fraud or misrepresentation. The 2008 Corporate Security investigation and Fraud Operations review of the pipeline revealed loans with indicators of possible misrepresentation, including issues of borrower identity, employment, income, assets, liabilities, and occupancy, as well as possible prohibited brokered and out-of-state loans. With reference to these issues, Frazza made the decision to terminate Aiossa for loss of trust and confidence due to concerns about the quality of loans taken by her and under her MLO number, and due to her roles as a Sr. MLO, sales team leader and mentor.

**II. Legal Argument:** Summary judgment is proper where there is no genuine issue of material fact to be tried on a matter and the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c); Donahue v. Windsor Locks Board of Fire Comm'rs, 834 F.2d 54, 57 (2d. Cir. 1987). A plaintiff faced with a properly supported motion cannot survive summary judgment by casting mere "metaphysical doubt" upon the evidence produced by the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Nor may a plaintiff simply rely on allegations in his own pleadings, conjecture, or speculation. Redd v. New York State Division of Parole, 2010 U.S. Dist. LEXIS 28622 at *16 (March 3, 2010).

Hon. Joanna Seybert
October 27, 2011
Page 3 of 4

Plaintiff's claims for age discrimination and retaliation under the CHRL must be dismissed for lack of subject matter jurisdiction because Aiossa cannot prove any discriminatory acts that took place within New York City or that any alleged discriminatory acts had an impact in the city. See Costello v. New York State Nurses Ass'n, 2011 WL 1560971, at *11 (S.D.N.Y. April 25, 2011).

Plaintiff's claims for age discrimination fail as a matter of law. First, the 3-year statutes of limitations under the HRL and CHRL bar Aiossa's claim that the Bank denied her a producing sales manager position because of her age in 2006. Lu v. Chase Investment Services Corp., 412 Fed. Appx. 413, 418-419 (2d Cir. 2011). Plaintiff did not file her Complaint until February 2010, outside the limitations period. Second, Aiossa's claims fail because she cannot point to any evidence to suggest that her age was the "but for" cause of any alleged adverse actions. See Antunes v. Putnam, 2011 U.S. Dist. LEXIS 54111, at *28 (S.D.N.Y. May 19, 2011). In order to establish her prima facie case, Plaintiff must establish facts sufficient to prove that she suffered an adverse employment action under circumstances giving rise to an inference of age discrimination. See Bemis v. New York State Division of Human Rights, 809 N.Y.S.2d 274, 276 (3d Dept. 2006). This, she cannot do. Finally, even if she could establish a prima facie case, Aiossa's claims fail because on the record in this case she cannot establish pretext for age discrimination in the Bank's decisions concerning her employment.

Plaintiff cannot establish the essential elements of her claims for retaliation. The undisputed facts show that Aiossa was neither targeted for investigation by Cole or Frazza nor terminated in retaliation for engaging in a protected activity. To establish a prima facie case of unlawful retaliation Aiossa must prove: (1) she participated in a legally protected activity; (2) Defendants knew of her protected activity; (3) she suffered an adverse employment action as a result; and (4) there is a causal connection between the protected activity and adverse employment action. Stavis v. GFK Holding, Inc., 769 F. Supp. 2d 330, 339 (S.D.N.Y. 2011). There is no evidence establishing that Frazza was aware of any alleged protected activity by Aiossa. Further, the facts show that the 2007 and 2008 investigations of Aiossa's loan pipelines were not initiated or prompted by Frazza or Cole, and that there was no causal connection between her alleged protected activity and any adverse action. Finally, even if Aiossa could establish a prima facie case of retaliation, she cannot prove that the Bank's reasons for her termination are pretextual and that retaliation is the true reason. Costello, 2011 WL 1560971 at *9; Harkola v. Energy East, 2011 U.S. Dist. LEXIS 87942, at *46 (W.D.N.Y. Aug. 9, 2011).

Finally, there is no evidence to support any claim for breach of contract. Aiossa received the compensation to which she was entitled during her paid administrative leave, and it is undisputed that Aiossa did not satisfy the Bank's requirements for earning a productivity bonus.

For the foregoing reasons, the Defendants respectfully request a pre-motion conference and leave to file their Motion for Summary Judgment.

Respectfully submitted,

Caroline Turcotte

Caroline F. Turcotte

BOS 882025.3

Hon. Joanna Seybert
October 27, 2011
Page 4 of 4

Enclosures: Rule 56.1 Statement and Rule 56.1 Counter-Statement

cc:      Tracey L. Brown, Esq.