```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PROVIDENCE AIOSSA,
                                            MEMORANDUM & ORDER
                    Plaintiff,              10-CV-1275(JS)(ETB)

        -against-

BANK OF AMERICA, N.A., JOHN FRAZZA,
and SUE COLE,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Tracey Lyn Brown, Esq.
                    Derek Sells, Esq.
                    The Cochran Firm
                    233 Broadway, 5th Floor
                    New York, NY 10279

For Bank of         Caroline F. Turcotte, Esq.
America:            Siobhan M. Sweeney, Esq.
                    Edwards Wildman Palmer LLP
                    111 Huntington Avenue
                    Boston, MA 02199

                    Deborah Michelle Zawadzki, Esq.
                    Jonathan B. Bruno, Esq.
                    Kaufman, Borgeest & Ryan LLP
                    120 Broadway, 14th Floor
                    New York, NY 10271

For John Frazza     Caroline F. Turcotte, Esq.
and Sue Cole:       Siobhan M. Sweeney, Esq.
                    Edwards Wildman Palmer LLP
                    111 Huntington Avenue
                    Boston, MA 02199
```

SEYBERT, District Judge:

Pending before the Court are Plaintiff Providence Aiossa's Objections (the "Objections") to two discovery decisions by Magistrate Judge E. Thomas Boyle, both dated

September 12, 2011.  As is relevant here, the first decision denied Plaintiff's motion to compel Defendants to produce documents that Defendants claimed were protected by attorney-client privilege (the "Privilege Decision").  (Docket Entry 45.) The second decision denied Plaintiff's motion to continue with certain depositions (the "Deposition Decision").  (Docket Entry 46.)  Plaintiff has not met her burden in challenging a magistrate judge's discovery rulings, and her Objections are overruled in their entirety.

DISCUSSION

A magistrate judge's ruling on a non-dispositive issue may be set aside only if the reviewing district court finds the decision to be clearly erroneous or contrary to law.  E.g., Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's Democratic Republic, No. 10-CV-5256, 2011 WL 4111504, at *2-3 (S.D.N.Y. Sept. 13, 2011).  "Under the 'clearly erroneous' standard of review, a district court may reverse a magistrate's finding only if it is 'left with the definite and firm conviction that a mistake has been committed.'"  Garcia v. Benjamimn Grp. Enter. Inc., __ F. Supp. 2d __, No. 09-CV-2671, 2011 WL 2444686, at *2 (E.D.N.Y. June 14, 2011) (quoting Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers, Ltd., 190 F.3d 64, 67-68 (2d Cir. 1999)).  Under the "contrary to law" standard, a magistrate's decision must stand unless the district

court finds that the magistrate "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." Id. (quoting Catskill Dev., LLC v. Park Place Entm't, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). Magistrate judges have broad discretion in resolving discovery disputes, and their decisions are only reversed if that discretion is abused.[1] Id.

As to the Privilege Decision, Plaintiff argues that Judge Boyle erroneously found that Defendants did not forfeit their attorney-client privilege by putting their state of mind at issue. (Objections 3-6.) Specifically, she argues that by asserting an affirmative defense that Plaintiff could not prove that Defendants either knew that Plaintiff suffered discrimination or retaliation or that they acquiesced in any misconduct, Defendants opened themselves to discovery on their purported absence of knowledge, including through the production of otherwise privileged legal communications. (Id. at 4.) This is a variation of the "at issue" argument that Judge Boyle thoroughly addressed in the Privilege Decision, and Plaintiff has not persuaded the Court that this ruling was incorrect. Defendants have not invoked an advice-of-counsel or good faith defense, and their "affirmative defense" is not the type of assertion that waives privilege. See Discover Fin. Servs., Inc.

---

[1] Plaintiff urges the Court to review Judge Boyle's decisions de novo without providing any argument or authority why a deferential standard is not appropriate here.

3

v. Visa U.S.A., Inc., No. 04-CV-7844, 2006 WL 2807187, at *6 (S.D.N.Y. Sept. 27, 2006).

Plaintiff also argues that Judge Boyle erroneously rejected her argument that the crime-fraud exception applies to this case. (Objections 6-8.) Judge Boyle carefully considered Plaintiff's evidence on this point and concluded that she had not established probable cause that a crime or fraud had been committed. (Privilege Decision 12-14.) In his view, the evidence was too speculative to warrant the relief Plaintiff sought. (Id. 13-15.) That finding was not clearly erroneous, and the Court will not disturb it here.

Plaintiff objects to the Deposition Decision to the extent that it prevented Plaintiff from extending discovery in order to further depose a particular witness on issues related to the alleged waiver of attorney-client privilege. (Pl. Reply. 6.) Because Judge Boyle rejected Plaintiff's motion to compel, he also denied her motion to continue this deposition. (Deposition Order 3.) Because the Privilege Order is affirmed in all respects, so too is the challenged portion of the Deposition Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections to Judge Boyle's discovery rulings are OVERRULED, and the discovery rulings are AFFIRMED in their entirety.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   December  8 , 2011
         Central Islip, New York